**Krevalin Hardware Co., Inc. v. Tru-Value Stores, Inc. et al**

[183 A.2d 221]

May Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed June 30, 1962

*Manfred W. Ehrich, Jr.,* for the plaintiff.

*Waldo C. Holden* for the defendants.

**Hulburd, C. J.** This is one of three suits brought to recover the price of goods sold. The trial court has found that defendant, Ernest A. Cassidento, on July 8, 1960, registered himself as a person doing the business of general merchandising at 268-270 Ben Mont Avenue, in Bennington, Vermont, under the name of Tru-Value Stores. Cassidento has never filed a certificate of cessation of such business in accordance with 11 V.S.A. §1628. During the summer of 1960 a Mrs. Lucie B. Wheeler worked at the store without pay and supplied defendant Cassidento with substantial sums of money with which to acquire inventory and to establish the business conducted at that point. On or about October 18, 1960, defendant Tru-Value Stores, Inc. was organized and incorporated under the laws of Vermont. Cassidento was issued fifty-one shares, Mrs. Wheeler forty-eight shares and an attorney one share of stock in the new corporation. Mrs. Wheeler was president and clerk of the corporation; Cassidento its treasurer. A part of the consideration for the common stock issued by the corporation was the goods and merchandise of Tru-Value Stores. The fire insurance policy which had been issued on the stock and fixtures of Ernest A. Cassidento d/b/a Tru-Value Stores was transferred so as to cover the same property in the name of Tru-Value Stores, Inc., located at the same address. After the corporation was formed, the store business continued at the same address. Mrs. Wheeler went on working at the store without pay. She left the management of the store to Cassidento who did all of the purchasing except for a few items which Mrs. Wheeler bought, and it was Cassidento who completely ran the business. Between November 2 and December 19, 1960, Cassidento ordered merchandise from the plaintiff, among others, which was shipped to the store at 268-270 Ben Mont Avenue. There is an unpaid balance of $378.47 for this merchandise. The invoices for the various orders were made out to Tru-Value Store, 268-270 Ben Mont Avenue, Bennington, Vermont. In the course of its findings, the trial court found that the store merchandise and inventory "was duly transferred to and became the

property of the corporation and it thereafter operated the store at 268-270 Ben Mont Avenue through its officers and agents, Ernest A. Cassidento and Lucie B. Wheeler." The court also found that the corporation took over the business after it was formed.

The defendant corporation claims that there is no valid evidence tending to support such findings. It is obvious from the facts previously recited, to which no objection was raised, that these findings are supported by the evidence. The evidence of the manner in which the stock of the new corporation was paid for and the manner in which the fire insurance was transferred are amply sufficient to give rise to inferences which support the finding as to transfer of the property. The evidence is clear that Cassidento ran the business after such property had been transferred. All this occurred at the same point of operation. The trial court then went on to its concluding finding, which reads as follows:

> "From the fact that the corporation took over and became the owner of the stock in trade and fixtures of Tru-Value Stores; that after this the merchandise in question was ordered by Ernest A. Cassidento, an officer of the corporation, and who was managing the store business; that the merchandise was shipped to 268-270 Ben Mont Avenue, Bennington, the location of the store, and apparently the merchandise in question became a part of its stock in trade, the Court finds that the corporation, Tru-Value Stores, Inc., is liable to and owes the plaintiffs the aforesaid amounts due on their respective accounts."

The defendant corporation complains as to this finding that there was no evidence that Cassidento had authority to order the merchandise in question. We think upon the evidence that it is abundantly clear that Cassidento, as manager of the business, had actual authority to order merchandise as he did. Am. Jur., Corporations, §915. In addition, all evidence as to his apparent authority supports the same end, *Chase* v. *Robinson,* 86 Vt. 240, 244, 84 Atl. 867 ; *Wilder* v. *Hinckley Fibre Co.,* 97 Vt. 45, 49, 122 Atl. 428; Fletcher, "Cyclopedia, Corporations," Perm. Ed. (1931) §667. All transactions were entered into after the incorporation. Cassidento, treasurer and store manager, bought goods which were sent to the point where the corporation was doing business. It is not denied that they were received.

Any other finding than that made by the court below as to liability would be strangely at odds with the evidence.

*Judgment affirmed.*